**State of Vermont**
**Superior Court—Environmental Division**

====================================================================
### ENTRY REGARDING MOTION
====================================================================

**In re Willowell Foundation Conditional Use Permit**          **Docket No. 142-10-12 Vtec**

Title: Motion for Summary Judgment (Filing No. 1)

Filed: June 18, 2013

Filed By: Appellant Samuel H. Burr

Response filed 7/5/13 by Cross-Appellant Willowell Foundation, Inc.


___ Granted          __X__ Denied          ___ Other


Samuel H. Burr (Appellant) appeals a decision of the Town of Monkton Development Review Board (DRB) approving, with conditions, an application by the Willowell Foundation, Inc. (Willowell) to construct a community center and related improvements on Willowell's 229.8 acre parcel on Briston Road in Monkton, Vermont. Willowell has filed a cross-appeal in this matter. Appellant's pending motion for summary judgment concerns the failure of all parties to produce the May 2000 decision by the Town of Monkton Planning Commission approving the subdivision creating the current Willowell lot. Appellant contends that unless Willowell produces that decision, this Court should deny Willowell's conditional use application. Based on the reasons described below, we deny Appellant's motion for summary judgment.

### Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1.  Willowell has applied for a conditional use permit for a facility to host its offices, a preschool with two classrooms, an art gallery, a multi-purpose room, a library that incorporates an existing silo, a teaching kitchen, and a caretaker's apartment on a 229.8 acre parcel of land identified as Lot #6 of the Perry Flint & Hartshell Co. Subdivision in Monkton, Vermont (the Property).

2.  Hartshell Co., Inc. and Perry R. Flint conveyed the Property to Willowell by warranty deed dated August 3, 2005.

3.  Hartshell Co., Inc. and Perry R. Flint created the subdivision containing the Property prior to conveying the Property to Willowell. The Monkton Planning Commission approved the subdivision and the Chair of the Planning Commission signed the approved plat depicting the subdivision.

4.  Above the Chair's signature on the plat, the plat states: "Approved by resolution of the Town of Monkton Planning Commission, Vermont, on the 28th day of May, 2000,

subject to all requirements and conditions of said resolution."[1]  Cross-Appellant's Ex. A.

5.    No party has filed a written resolution or decision approving the subdivision with this Court, and both Appellant and Willowell assert that no such resolution or decision can be found in the Town's land records, lister's records, or planning and zoning records.

### Discussion

Currently before the Court is Appellant's motion for summary judgment.  We will grant summary judgment to a moving party (here, Appellant) upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  The parties have not raised any disputes of material fact regarding the pending motion.  Instead, this matter hinges upon a dispute of law, and it is therefore appropriate for a motion for summary judgment.

Appellant asserts that because Willowell bears the burden of demonstrating that its proposed use meets conditional use standards, Willowell also bears the burden of proving that it complies with any restrictions placed on the use of the Property by the Planning Commission during the original subdivision approval.  No party in this appeal has produced a written decision of the Planning Commission approving the subdivision of the Hartshell Co., Inc. and Perry R. Flint property or placing restrictions on the use of the parcels within the subdivision, however.  If such a written decision ever existed, Appellant and Willowell suggest the Town no longer has a record of it.  Accordingly, Appellant claims that Willowell cannot meet its burden of proving that it complies with the unknown terms—if any—of the subdivision approval.  Appellant suggests that Willowell must therefore either leave its property undeveloped or apply to the DRB, which has replaced the Town Planning Commission, for "clarification" of the unknown subdivision restrictions.

We find Appellant's arguments unpersuasive.  In reviewing Willowell's conditional use application, this Court will conduct its review according to the Town's conditional use standards.  To the extent raised by parties in their Statements of Questions, we will also review any other restrictions placed on the use of the Property that are brought to the attention of the Court.  We will not, however, require Willowell to prove that it complies with unknown restrictions allegedly contained in a document that no party can produce, nor will we suspend Willowell's development rights until such a document is found.[2]  Accordingly, we **DENY** Appellant's motion for summary judgment.

---

[1]  There appears to be some confusion over when the Chair of the Planning Commission signed the plat. The copy of the plat provided to this Court as Cross-Appellant's Exhibit A states that the plat was approved by resolution of the Town Planning Commission on May 28, 2000.  However, the signature of the Chair on the plat is dated May 28, 2002.  The plat also notes that it was revised by surveyor Ronald LaRose in 2002.  Whether the plat was approved and signed in 2000 or 2002 does not affect our conclusion in this order, however.

[2]  We also note that this Court has no authority to disturb the finality of a subdivision decision of the Town Planning Commission issued over ten years ago by requiring Willowell to reapply for subdivision approval with the DRB.

Appellant also seeks a new discovery schedule and additional discovery time to find the missing decision. We **DECLINE** to grant more time for discovery, as we understand that the parties have already expended significant efforts attempting to find the missing decision.

_____        _____August 19, 2013_____
        Thomas G. Walsh, Judge                                    Date
=================================================================
Date copies sent to: _____                     Clerk's Initials _____
Copies sent to:

  James W. Runcie, Attorney for Appellant Samuel H. Burr

  Rendol F. Barlow, Attorney for Cross-Appellant Willowell Foundation, Inc.

  Liam L. Murphy and Damien J. Leonard, Attorneys for Town of Monkton

  Philip C. Woodward, Attorney for Interested Persons Andrew Higbee Jr. and Sheryl Knauth